## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and | § | |
| UNILOC LUXEMBOURG, S.A., | § | Civil Action No. 2:16-cv-696 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| SNAPCHAT, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Snapchat, Inc. ("Defendant"), allege as follows:

## THE PARTIES

1.     Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.     Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L- 2540, Luxembourg (R.C.S. Luxembourg B159161).

3.     Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4.     Upon information and belief, Snapchat, Inc. is a Delaware corporation having a

principal place of business at 63 Market Street, Venice California, 90291. Snapchat, Inc. may be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5.     Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

7.     Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

8.     Uniloc incorporates by reference the above paragraphs.

9.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014. A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue

and recover past damages for the infringement thereof.

11.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: https://play.google.com/store/apps/details?id=com.snapchat.android&hl=en

12.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: https://support.snapchat.com/en-US/ca/sending-and-receiving-snaps

13.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: https://support.snapchat.com/en-US/article/video-chat

14.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:











Source: https://youtu.be/Rcou53X1uk4

15.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:

## Chat and Video Chat

Swipe right on a friend's name in your Snapchat feed to start chatting! If you see a ● at the bottom of your Chat screen it means your friend is here in the Chat.

When you leave the Chat screen, messages viewed by both you and your friend will be cleared — but either of you can always press and hold to save a message you'd like to keep!

**Pro Tip**: Chat isn't just for texting — tap 📞 to call or 📹 to video chat your friend! Want to send your friend a quick Snap? Just tap ⚪ !

Source: https://support.snapchat.com/en-US/about/chat

16.      Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: http://www.bustle.com/articles/150963-how-to-leave-a-snapchat-voice-message-using-the-new-features-from-snapchat-chat-20

17.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: http://www.gottabemobile.com/2016/03/29/how-to-use-new-snapchat-chat-2-0-video-audio-stickers/

18.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



https://support.snapchat.com/en-US/article/icon-index

19.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



## MAY 9 2013

# How Snaps Are Stored And Deleted

There's been some speculation lately about how snaps are stored and when and how they are deleted. We've always tried to be upfront about how things work and we haven't made any changes to our practices, so we thought it'd be cool to go over things in a bit more detail.

**Storing Snaps**

When someone sends a snap, it is uploaded to our servers, the recipient(s) are sent a notification that they have a new snap and the Snapchat app downloads a copy of the message. The image or video from the message is stored in a temporary folder in the device's memory. This is sometimes in internal memory, RAM or external memory like an SD Card—depending on the platform and whether it's a video or a picture.

**Deleting Snaps From Our Servers**

When a snap is viewed and the timer runs out, the app notifies our servers, which in turn notify the sender that the snap has been opened. Once we've been notified that a snap has been opened by all of its recipients, it is deleted from our servers. If a snap is still unopened after 30 days, it too is deleted from our servers.

**Deleting Snaps From the Recipient's Device**

After a snap has been opened, the temporary copy of it is deleted from the device's storage. We try to make this happen immediately, sometimes it might take a minute or two. The files are deleted by sending a "delete" instruction to the phone's file system. This is the normal way that things are usually deleted on computers and phones—we don't do anything special (like "**wiping**").

Source: http://snapchat-blog.com/post/50060403002/how-snaps-are-stored-and-deleted

20.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:

Source: https://support.snapchat.com/en-US/about/chat

21.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: https://support.snapchat.com/en-US/a/when-are-snaps-chats-deleted

22.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:



Source: http://www.independent.co.uk/life-style/gadgets-and-tech/23-things-you-had-no-idea-you-could-do-in-snapchat-a6980956.html

23.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendant's mobile messenger app:

13



Source: https://support.snapchat.com/en-US/article/icon-index

24.      Defendant has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least Claims 3-8, 10-19, 38, and 39 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Defendant mobile messenger app system running iOS, Android and/or WP8.x during the pendency of the '622 Patent which software and associated Defendant servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

25.    In addition, should Defendant's mobile messenger app system be found to not literally infringe the asserted claims of the '622 Patent, Defendant's mobile messenger app system would nevertheless infringe the asserted claims of the '622 Patent. More specifically, the accused mobile messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

26.    Defendant may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

27.    Uniloc has been damaged, reparably and irreparably, by Defendant's infringement of the '622 Patent and such damage will continue unless and until Defendant is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

28.    Uniloc incorporates by reference the above paragraphs.

29.    Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015. A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

30.    Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

31.    Defendant has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-3, and 5-8 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for

sale and/or selling the Defendant mobile messenger app system running iOS, Android and/or WP8 during the pendency of the '433 Patent which software and associated Defendant servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

32.    In addition, should Defendant's mobile messenger app system be found to not literally infringe the asserted claims of the '433 Patent, Defendant's accused mobile messenger app system would nevertheless infringe the asserted claims of the '433 Patent. More specifically, the accused mobile messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

33.    Defendant may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

34.    Uniloc has been damaged, reparably and irreparably, by Defendant's infringement of the '433 Patent and such damage will continue unless and until Defendant is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

35.    Uniloc incorporates by reference the above paragraphs.

36.    Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the

'890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2009. A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

37.     Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

38.     Defendant has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-6, 14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, and 62-65 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Defendant mobile messenger app system running iOS, Android and/or WP8.x during the pendency of the '890 Patent which software and associated Defendant servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

39.     In addition, should Defendant's mobile messenger app system be found to not literally infringe the asserted claims of the '890 Patent, Defendant's accused mobile messenger app system would nevertheless infringe the asserted claims of the '890 Patent. More specifically, the accused mobile messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients).  Defendant would thus be liable for direct infringement under the doctrine of equivalents.

40.     Defendant may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc

Case 2:16-cv-00696-RWS   Document 1   Filed 06/30/16   Page 18 of 21 PageID #:  18

reserves the right to discover and pursue all such additional infringing software/devices.

41.     Uniloc has been damaged, reparably and irreparably, by Defendant's infringement of the '890 Patent and such damage will continue unless and until Defendant is enjoined.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

42.     Uniloc incorporates by reference the above paragraphs.

43.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on June 12, 2012. A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

44.     Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

45.     Defendant has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least Claims 1 and 12 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Defendant mobile messenger app system running iOS, Android and/or WP8.x during the pendency of the '747 Patent which software and associated Defendant servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

46.     In addition, should Defendant's mobile messenger app system be found to not literally infringe the asserted claims of the '747 Patent, Defendant's accused mobile messenger app system

would nevertheless infringe the asserted claims of the '747 Patent. More specifically, the accused mobile app performs substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available intended recipients). Defendant would thus be liable for direct infringement under the doctrine of equivalents.

47.     Defendant may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

48.     Uniloc has been damaged, reparably and irreparably, by Defendant's infringement of the '747 Patent and such damage will continue unless and until Defendant is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Defendant as follows:

(A)     that Defendant has infringed the '622 Patent, '433 Patent, '890 Patent, and '747 Patent;

(B)     awarding Uniloc its damages suffered as a result of Defendant's infringement of the '622 Patent, '433 Patent, '890 Patent, and '747 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, '433 Patent, '890 Patent, and '747 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 30, 2016                     Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.**